UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA POND and NOAH POND,

    Plaintiffs,

v.                                            Case No: 6:17-cv-704-Orl-28TBS

MARRIOTT RESORTS HOSPITALITY
CORPORATION,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiffs' Motion to Compel Better Response to Plaintiffs' Interrogatory No. 23 (Doc. 24). Defendant has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated as unopposed, motion for summary judgment). The Court proceeds on the basis that this motion is unopposed.

Plaintiff Pamela Pond alleges that as a consequence of Defendant Marriott Resorts Hospitality Corporation's negligence, she slipped on a stair, fell, and fractured her right patella (Doc. 12, ¶¶ 1-11). Her husband, Plaintiff Noah Pond is suing for loss of consortium (Id., ¶¶ 1-15). Defendant denies liability (Doc. 14). The following interrogatory, served by Plaintiffs on Defendant, is the subject of the motion:

> 23.     Please identity the name, address, and phone number, of any persons involved in any reported accident, occurring on

any stairs located on the subject premises, within the past 3-year period prior to June 16, 2016, setting forth:

      a.      the date of each accident, complaint, or report;

      b.      the nature of each accident, complaint or report;

      c.      the name and address of each person reporting the accident, complaint or report; and

      d.      a detailed account of the accident, complaint or report.

RESPONSE:

Objection; vague, over broad and unduly burdensome.

(Doc. 24, ¶ 4).

"The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). Defendant's objections are non-specific, meaningless boilerplate. "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 693685, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). Because Defendant failed to comply with Rule 33(b)(4), and does not oppose the motion, it is **GRANTED**. Defendant has 7 days from the rendition of this Order to answer in full, under oath, Plaintiffs' interrogatory number 23.

When a motion to compel is granted, the Court ordinarily awards the movant its reasonable attorney's fees incurred in connection with the motion unless:

    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii) other circumstances make an award of expenses unjust.

F<small>ED</small>. R. C<small>IV</small>. P. 37(a)(5)(A). None of the exceptions apply. Accordingly, Plaintiffs are awarded their attorney's fees, in an amount to be determined, for the prosecution of the motion to compel. Plaintiffs have 14 days from the rendition of this Order within to file their application for attorney's fees and Defendant shall have 14 days to respond. The parties may avoid this procedure by resolving the attorney's fee issue between themselves within the next 14 days.

**DONE** and **ORDERED** in Orlando, Florida on October 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record